UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION


JESSICA BLAZEJEWSKI,

  *Plaintiff*,

v.                                                     Case No.  SA-21-CV-00700-JKP

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

  *Defendant*.


## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Jessica Blazejewski's Motion to Remand. *ECF No. 6*. Defendant Allstate Fire and Casualty Insurance Company ("Allstate") responded. *ECF No. 7*. Upon consideration the Court concludes the Motion to Remand shall be **DENIED**.


## UNDISPUTED FACTUAL BACKGROUND

This matter involves a dispute of coverage for underinsured motorist ("UIM") benefits following an automobile accident. On July 12, 2021, Blazejewski filed her Original Petition against Allstate in Texas state court. Allstate timely removed the action to this Court based upon diversity jurisdiction. Blazejewski now moves to remand the action arguing Allstate's removal contains procedural and substantive defects.

## LEGAL STANDARD

Federal courts hold original jurisdiction over all civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28

U.S.C. § 1332(a). Removal of an action to a federal court is proper when a civil action brought in state court would otherwise be within the original jurisdiction of the federal courts. 28 U.S.C. § 1441. Following removal to a proper federal court, an opposing party may move to remand the action to state court. *See* 28 U.S.C. § 1447(c). Upon examination of a Motion to Remand, any doubt as to the propriety of removal and any ambiguities should be resolved in favor of remand to state court. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). Within determination of a Motion to Remand, the removing party has the burden to show federal jurisdiction exists and removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). Jurisdiction must be reviewed based upon the pleadings and operative facts as they existed at the time of removal. *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014); *Torres v. State Farm Lloyds*, CV H-19-3730, 2020 WL 555393, at *1 (S.D. Tex. Jan. 17, 2020), report and recommendation adopted, 2020 WL 553809 (Feb. 4, 2020).

## DISCUSSION

Blazejewski contends this case must be remanded to Texas state court for two reasons: (1) Allstate's removal was procedurally improper because Allstate failed to allege in the Notice of Removal the parties' citizenship at the time suit was filed and at removal and failed to attach evidence of Allstate's citizenship; and (2) Allstate's removal was substantively improper because the amount in controversy does not exceed $75,000.

### A. Procedural Impropriety

It appears Blazejewski advances two separate arguments of procedural deficiencies in Allstate's Notice of Removal. First, Blazejewski argues Allstate's Notice of Removal failed to al-

lege the parties' citizenship specifically at the complaint stage and at the removal stage as required by law. Next, Blazejewski argues Allstate failed to attach proof of the parties' citizenship.

### 1.  Allegations of Citizenship

A Notice of Removal must allege the parties' diverse citizenship both at the time of the filing of the suit in state court and at the time of removal. *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993); *Montoya v. Allstate Fire & Cas. Ins. Co.,* CV SA-18-CA-337-XR, 2018 WL 9880114, at *1–2 (W.D. Tex. June 11, 2018).

Blazejewski's first argument fails because Allstate's Notice of Removal does allege the parties' diversity at the time suit was filed and at removal. Allstate's Notice of Removal states "[t]his Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal." Further, Allstate's Notice of Removal states,

> Plaintiff, Jessica Blazejewski, is a natural person and a resident of the State of Texas. *See* Exhibit A, p. 1. Plaintiff has not pled any other facts of her residency, intention to leave Texas, or domiciles in other States. *Id.* Accordingly, Defendant asserts that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).
>
> Defendant Allstate Fire and Casualty Insurance Company is an Illinois corporation with its principle place of business in Illinois and is a citizen of Illinois.

Based upon this clear statement of the parties' diversity in Allstate's Notice of Removal, the Court finds Blazejewski's first argument to be frivolous.

### 2.  Evidence of Citizenship

Next, Blazejewski relies upon *MidCap Media Finance, L.L.C. v Pathway Data, Inc*., 929 F.3d 310, 313 (5th Cir. 2019) for the proposition that Allstate must provide evidence of the par-

ties' diversity of citizenship, and failure to do so mandates remand to state court. However, the *MidCap Media Finance* Court does not hold a removing party must attach evidence of its allegations regarding citizenship to the Notice of Removal. Instead, the Court held the removing party failed to properly allege diversity of citizenship on two grounds. *See MidCap Media Finance*, 929 F.3d at 313.

As previously determined Allstate properly alleged in its Notice of Removal the parties' diversity at the time suit was filed and at removal. Consequently, Blazejewski's second argument regarding procedural defect in the Notice of Removal must fail.

For the reasons stated, Blazejewski's arguments that Allstate's removal was procedurally improper must fail.

### B.  Substantive Impropriety: Amount in Controversy

Blazejewski argues the Court should remand the case because the amount in controversy does not meet this Court's jurisdictional threshold. First, Blazejewski contends Allstate's response to Blazejewski's demand letter prior to the time suit was filed reveals Allstate's assessment of the value of suit to be "$0". In the response letter, Allstate disputes its liability under the UIM policy by stating the tortfeasor's insurance policy limit covers all of Blazejewski's potential and asserted damages, and therefore, her UIM coverage with Allstate is not activated, or does not apply. On this basis, Blazejewski asserts Allstate admits the amount in controversy as it pertains to determination of this Court's diversity is $0.

In support of this argument, Blazejewski also asserts Allstate failed to inform the Court that the tortfeasor's insurance carrier paid her $100,000, which satisfied her past medical expenses of $52,652.20. For this reason, it appears Blazejewski asserts her past medical expenses cannot be used to establish the amount in controversy with regard to determination of this

Court's diversity jurisdiction. Finally, Blazejewski argues Allstate failed to include the subject policy as evidence of the amount in controversy.

Federal district courts have original subject matter jurisdiction over all civil actions in which the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332. When a court reviews the amount in controversy within a Motion to Remand, the sum demanded in good faith in the operative pleading at the time of removal "shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *Monaco,* 2020 WL 6580568, at *3,

In Texas, a Petition must contain a statement the party seeks damages within predefined ranges. *See* Tex.R.Civ.P. 47(c). In the event the face of the operative petition does not clearly establish the amount in controversy, the removing party must prove by a preponderance of the evidence the amount in controversy exceeds $75,000. *Scarlott*, 771 F.3d at 888; *Cavazos v. Allstate Vehicle & Prop. Ins. Co.,* 7:17-CV-368, 2017 WL 11317904, at *1 (S.D. Tex. Dec. 12, 2017). The removing party may satisfy this burden by (1) showing it is facially apparent from the petition the damages for the causes of action asserted are more likely than not to exceed $75,000; or (2) setting forth summary judgment-type evidence showing the facts in controversy support a finding of damages in excess of $75,000. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998); *Cavazos,* 2017 WL 11317904, at *1.

Once a defendant is able to show by a preponderance of the evidence the amount in controversy exceeds the jurisdictional amount, removal is proper. *De Aguilar*, 47 F.3d at 1412. The burden, then shifts to the plaintiff to establish a legal certainty that his recovery will not exceed the amount stated in the state complaint. *Id*. To satisfy its burden, the plaintiff must show, as a matter of law, it will not be able to recover more than the good faith damages asserted in the operative pleading. *DeAguilar,* 47 F.3d at 1411; *St. Paul Reinsurance Co.*, 134 F.3d at 1254. To

make such a showing of legal certainty in Texas, where specified damages are prohibited, plaintiffs who want to prevent removal must file a binding stipulation or affidavit with the original state petition. *DeAguilar,* 47 F.3d at 1411; *St. Paul Reinsurance Co.*, 134 F.3d at 1254 n.18; *Torres*, 2020 WL 555393, at *1. An affidavit limiting damages that is filed after removal is irrelevant to the court's analysis. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *Torres*, 2020 WL 555393, at *1. "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Cavazos,* 2017 WL 11317904, at *1.

Based upon this established precedent, Blazejewski's arguments that rely upon Allstate's response letter and her receipt of benefits from the tortfeasor's insurance carrier fail for the reason: the amount in controversy for determination of this Court's diversity jurisdiction must be ascertained from the face of the live Petition at the time of removal. *See Scarlott*, 771 F.3d at 887-88; *Monaco,* 2020 WL 6580568, at *2. This Court cannot ascertain the amount in controversy from communications prior to filing of suit or based upon outside evidence of receipt of benefits to cover asserted damages. *See Scarlott*, 771 F.3d at 887-88; *Monaco,* 2020 WL 6580568, at *2.

Here, Blazejewski's operative Petition at the time of removal follows Texas mandate of stating a range of damages and does not clearly establish the amount in controversy. Consequently, Allstate must prove by a preponderance of the evidence the amount in controversy exceeds $75,000. *See* Tex.R.Civ.P. 47(c); *Scarlott*, 771 F.3d at 887-88; *Cavazos,* 2017 WL 11317904, at *1.

To satisfy its burden to show removal was proper, Allstate presents Blazejewski's Original Petition. *ECF No. 1, Exh A.* In the Petition, Blazejewski asserts causes of action against Allstate for negligence of the underinsured motorist (although the motorist is not a named party), breach of contract, breach of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act and Texas Insurance Code Article 541.061, and violations of the Texas Insurance Code Article 542. *Id.* Blazejewski also seeks Declaratory Judgment on her entitlement to UIM benefits under the policy. *Id.*

Assuming without deciding the declaratory-judgment action is limited to recovery of the policy limit, which is not disclosed, each of these other causes of action, if successful, allow damages beyond the UIM policy limit in addition to recovery of treble damages and exemplary damages. All of these potential damages must be included in the amount-in-controversy calculation. *See St. Paul Reinsurance Co., Ltd.*, 134 F.3d at 1253*; Ganey v. State Farm Mut. Auto. Ins. Co.*, 5:20-CV-00668-OLG-RBF, 2020 WL 4529907, at \*3-4 (W.D. Tex. Aug. 5, 2020), report and recommendation adopted Sept. 8, 2020.

These assertions in the face of the Petition show Blazejewski's asserted damages are more likely than not to exceed this Court's jurisdictional threshold of $75,000. Further, Blazejewski requested damages beyond the policy limit and beyond this Court's jurisdictional threshold, stating she "seeks monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs." Blazejewski also seeks punitive and exemplary damages under the Texas Deceptive Trade Practices Act as well as under the Texas Insurance Code Article 541.061. Finally, Blazejewski plead for recovery of past and future medical expenses, past and future mental anguish, past and future physical impairment, and past and future lost wages and earning capacity. *Id.*

7

Review of the face of Blazejewski's Petition shows her asserted damages are more likely than not to exceed $75,000. Accordingly, the Court concludes Allstate satisfied its burden to show it is facially apparent from the Petition that the amount in controversy exceeded the Court's jurisdictional threshold of $75,000 at the time of removal.

Upon satisfaction of this burden, it appears Blazejewski attempts to show it is legally certain that her recovery will not exceed the amount stated in Petition by providing evidence of Allstate's response to her demand letter. However, to make such a showing of legal certainty in Texas to prevent removal, Blazejewski must file a binding affidavit with her original state petition. *See De Aguilar*, 47 F.3d at 1412; *St. Paul Reinsurance Co.*, 134 F.3d at 1254 n.18; *Torres*, 2020 WL 555393, at *1. Allstate's response to Blazejewski's demand letter, which was written prior to suit being filed, is irrelevant to the Court's analysis and determination of the jurisdictional amount in controversy. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. at 292; *Torres*, 2020 WL 555393, at *1.

The parties do not dispute the fact Blazejewski did not file with her Petition an affidavit limiting damages to the UIM policy maximum benefit, which is below the Court's jurisdictional threshold of $75,000. Therefore, the UIM policy limit does not control to determine the amount in controversy. *See St. Paul Reinsurance Co.*, 134 F.3d at 1254; *Cavazos,* 2017 WL 11317904, at *1; *Torres*, 2020 WL 555393, at *1. Blazejewski provides nothing from which this Court may ascertain legal certainty that her recovery will not exceed $75,000. *See De Aguilar v. Boeing Co.*, 47 F.3d at 1412.

For these reasons, Blazejewski's arguments that Allstate's removal was substantively improper must fail.

**CONCLUSION**

For the reasons herein, Blazejewski's Motion to Remand is DENIED.


It is so ORDERED.
SIGNED this 14th day of September, 2021.


JASON  PULLIAM
UNITED STATES DISTRICT JUDGE