UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JESSICA BLAZEJEWSKI,**

   *Plaintiff*,

v.                                       Case No. SA-21-CV-00700-JKP

**ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,**

   *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Allstate Fire and Casualty Insurance Company's (Allstate) Motion for Partial Dismissal filed under Federal Rules of Civil Procedure 12(b)(6) and 9(b). *ECF No. 3*. Plaintiff Jessica Blazejewski did not respond and did not file an Amended Complaint within the appropriate time to do so. Upon consideration of Allstate's motion and the Original Petition filed in state court prior to removal, the Court concludes Allstate's Motion to Dismiss is DENIED. However, Blazejewski's causes of action of breach of contract, breach of good faith and fair dealing, and violations of the Texas Insurance Code Section 541 and 542 are DISMISSED without prejudice for lack of subject matter jurisdiction. This action will proceed on Blazejewski's request for declaratory relief asserted under the Texas Civil Practice and Remedies Code.

### Background

This case arises from Blazejewski's assertion of entitlement to uninsured motorist insurance benefits under an insurance contract she holds with Allstate. In the Petition filed in state

court, Blazejewski asserts she was involved in a motor vehicle accident in which an uninsured driver and non-party, Irene Bergez, caused her serious bodily injury. *Id*. Blazejewski alleges she is insured under an automobile policy with Allstate that provides uninsured motorist ("UIM") coverage; however, when she submitted a claim for payment of UIM benefits under the insurance policy, Allstate wrongfully refused payment. Against Allstate, Blazejewski asserts causes of action of breach of contract, breach of good faith and fair dealing and violation of Title 5 of the Texas Insurance Code Sections 541 and 542. Blazejewski also seeks declaratory relief under Chapter 37 of the Texas Civil Practice and Remedies Code.  Allstate removed the action to this federal court.

## Analysis

Allstate filed this Motion to Dismiss all of Blazejewski's causes of action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), except for the request for declaratory relief. Allstate asserts Blazejewski fails to plead facts sufficient to establish her legal entitlement to recover UIM benefits coverage under the insurance contract. Citing *Brainard v. Trinity Universal Insurance Co.*, Allstate contends it has no contractual duty to pay UIM benefits until Blazejewski obtains a judgment establishing Bergez's liability and underinsured status and the amount of any recoverable damages. *See Brainard v. Trinity Universal Insurance Co.,* 216 S.W.3d 809, 818 (Tex. 2006). Because Blazejewski has not obtained such a judgment determining liability and damages, if any, the causes of action must be dismissed for failure to state a claim as a matter of law. Allstate does not contest Blazejewski's alternative request for declaratory relief under the Texas Civil Practice and Remedies Code.

The State of Texas requires automobile insurance providers to provide "uninsured or underinsured motorist coverage" (UIM) which "protects insureds who are *legally entitled* to recov-

er from owners or operators of uninsured or underinsured motor vehicles. . . ." TEX. INS. CODE § 1952.101(a) (emphasis added). To be legally entitled to recover benefits under a UIM insurance policy, an insured must establish the liability of an uninsured/underinsured motorist and the extent of the damages. *Brainard*, 216 S.W.3d at 818 (interpreting prior version of statute); *In re Koehn*, 86 S.W.3d at 367. Thus, under a UIM policy, receipt of benefits, "are conditioned upon the insured's legal entitlement to receive damages from a third party." *Brainard*, 216 S.W.3d at 818; *See In re Koehn*, 86 S.W.3d at 367-368.

The insured's legal entitlement to receive UIM benefits arises upon obtaining a judgment establishing the liability and underinsured status of the alleged tortfeasor. *Brainard*, 216 S.W.3d at 818; *Terry v. Safeco Ins. Co. of Am.*, 930 F. Supp. 2d 702, 709 (S.D. Tex. 2013). Consequently, "the UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment." *Brainard*, 216 S.W.3d at 818; *Terry*, 930 F. Supp. 2d at 709-10; *In re State Farm Mut. Auto. Ins. Co.*, 553 S.W.3d 557, 559 (Tex. App.—San Antonio 2018, no pet.). "Neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay." *Id*.; *Borg v. Metro. Lloyd's of Texas*, W:12-CV-256, 2013 WL 12091651, at *2 (W.D. Tex. Feb. 21, 2013).

In Texas, an UIM carrier "is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Brainard,* 216 S.W. 3d at 818; *Allstate Insurance Co. v. Irwin*, 2021 WL 2021446, at *1 (Tex. 2021). To determine the liability of an uninsured motorist, the insured may obtain a judgment against the tortfeasor. *Borg*, 2013 WL 12091651, at *2; *Brainard,* 216 S.W. 3d at 818. Alternatively, the insured may litigate UIM coverage with the insurer; however, "due to the unique terms of UM/UIM coverage," when proceeding in federal court, the proper vehicle to bring such

a claim is through a declaratory judgment action. *Borg*, 2013 WL 12091651, at *2 (*citing Accardo v. Am. First Lloyds Ins. Co.*, CIV.A. H-11-0008, 2012 WL 1576022, at *5 n.3 (S.D. Tex. May 3, 2012)); *see also Cantwell v. Sentry Select Ins. Co.,* SA-18-CA-193-FB, 2019 WL 5455008, at *3 (W.D. Tex. Mar. 22, 2019); *Woods v. Argonaut Midwest Ins. Co.*, 6:15-CV-139, 2016 WL 3653518, at *5 (E.D. Tex. Mar. 18, 2016).

Blazejewski does not assert in the Petition that she obtained a judgment establishing Bergez's liability and any consequential damages incurred. Texas case law does not allow a scenario such as this, in which Blazejewski files suit asserting breach of contract and other causes of action against Allstate to determine Bergez's liability and any applicable damages. *See Brainard,* 216 S.W. 3d at 818; *see also Allstate Insurance Co. v. Irwin*, 2021 WL 2021446, at *1. Texas case law specifically iterates an insurer holds no contractual duty to pay UIM benefits until there is an independent judgment establishing a tortfeasor's liability and the insured's damages. If an insured chooses to proceed directly against the insurer, rather than the alleged tortfeasor, and the action proceeds in federal court, this judgment may be obtained through a declaratory judgment of liability. *See Borg*, 2013 WL 12091651, at *2; *see also Allstate Insurance Co. v. Irwin*, 2021 WL 2021446, at *1 (holding declaratory-relief vehicle against insurer is available when proceeding in state court).

Because Allstate's contractual duty to pay UIM benefits under the policy does not arise until Blazejewski obtains a judgment establishing the liability and underinsured status of Bergez. Blazejewski's causes of action based on Allstate's failure to pay UIM benefits are premature. *Accardo,* 2012 WL 1576022, at *3. This procedural posture prompts this Court's independent obligation to ensure it has subject matter jurisdiction over all claims before it.

"A case or controversy must be ripe for decision, meaning that it must not be premature or speculative." *Shields v. Norton*, 289 F.3d 832, 834-35 (5th Cir. 2002). "Generally, issues are not ripe if 'further factual development is required.'" *Anderson v. Sch. Bd. of Madison Cnty.*, 517 F.3d 292, 296 (5th Cir. 2008). "If the purported injury is contingent on future events that may not occur as anticipated, or indeed may not occur at all, the claim is not ripe for adjudication." *Lopez v. City of Houston*, 617 F.3d 336, 342 (5th Cir. 2010). Until a claim is ripe, the Court lacks subject matter jurisdiction because it has no power to decide disputes that are not yet justiciable." *Id*. at 341. Thus, when a case is abstract or hypothetical, the court should dismiss for lack of subject matter jurisdiction, rather than failure to state a claim. *Monk v. Huston*, 340 F.3d 279, 282 (5th Cir. 2003).

Blazejewski's purported injury is contingent on future events that may not occur as anticipated, or indeed may not occur at all. Until Blazejewski litigates Bergez's liability in this action and obtains a judgment with determination of damages, and until Allstate denies payment of any UIM benefits after such a judgment, any related or consequential cause of action is not ripe. Here, Allstate moved for dismissal for failure to state a claim under 12(b)(6); however, this Court lacks subject matter jurisdiction to adjudicate the asserted causes of action based upon lack of ripeness.

Due to the unique terms of UIM coverage, the proper vehicle to litigate a tortfeasor's liability and any resulting damages directly against the insurer is through the remaining request for declaratory relief. Allstate does not contest this procedural vehicle or seek dismissal of the alternative request for declaratory relief under Chapter 37 of the Texas Civil Practice and Remedies Code. Therefore, Blazejewski's request for declaratory relief is the only live cause.

**Conclusion**

The asserted causes of action for breach of contract, breach of good faith and fair dealing and violation of the Texas Insurance Code are dismissed without prejudice for lack of subject matter jurisdiction. Blazejewski already asserts a mechanism to determine any entitlement to UIM benefits: a request for declaratory relief. Thus, this action will proceed on Blazejewski's request for declaratory relief under the Chapter 37 of the Texas Civil Practice and Remedies Code.

It is so ORDERED.
SIGNED this 15th day of September, 2021.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE